828 So.2d 120 (2002)
STATE of Louisiana, Appellee,
v.
John J. HALL, Appellant.
No. 36335-KA.
Court of Appeal of Louisiana, Second Circuit.
September 18, 2002.
*121 Carey J. Ellis, III, Rayville, for Appellant.
Richard P. Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Geary S. Aycock, Assistant District Attorney, for Appellee.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
WILLIAMS, Judge.
The defendant, John J. Hall, was charged by grand jury indictment with one count of second degree murder, a violation of LSA R.S. 14:30.1. Through a plea agreement, defendant entered a plea of guilty to a reduced charge of manslaughter, a violation *122 of LSA R.S. 14:31. The district court imposed the maximum sentence of 40 years imprisonment at hard labor and denied a timely motion for reconsideration of sentence. Defendant appeals his sentence as excessive. We affirm.

DISCUSSION
The record shows that on Monday, September 16, 1996, the defendant went to a hospital in Ouachita Parish with wounds on his wrists that he claimed had been caused by a fight. Defendant then stated that he had been in the bathroom of his residence when his girlfriend, Yvonne Lewis, approached him from behind to practice self-defense maneuvers against home intruders. He claimed to have flipped her over his back and that she fell into the bathtub. Defendant did not mention a weapon at that time, but said that he left the house, leaving the victim behind in the belief she was pretending to be injured. Suspecting something was wrong, hospital personnel contacted the sheriff's office.
Defendant later told the investigating officers that Lewis had been holding a knife when she approached him the previous Saturday night. Defendant claimed that Lewis, the victim, had fallen on her knife when he shoved her toward the bathtub. The defendant stated that he departed the residence leaving the victim in the bathtub. According to the defendant, when he returned on Sunday evening, the victim was still in the bathtub with the knife protruding from her chest. Defendant told the officers that he removed the knife from the victim's body and departed, but he could not remember what had happened to the knife.
A medical examination of the fatal wound indicated the victim had been stabbed from behind with extreme force. Further, a pool of blood found on the floor near the bathroom door indicated that the victim had not been stabbed in the bathtub. Friends of the victim informed investigators that defendant had physically abused the victim and that defendant had removed the victim's property from their joint residence, perhaps in an attempt to make the homicide appear to have resulted from a burglary.
After his arrest, defendant entered pleas of not guilty and not guilty by reason of insanity to the charge of second degree murder, which is punishable by a mandatory sentence of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. After receiving psychiatric reports on the defendant, the district court determined that defendant was competent to proceed to trial. The defendant pled guilty to the reduced charge of manslaughter and the court imposed the maximum sentence of 40 years at hard labor.
The defendant contends the district court erred in imposing an excessive sentence. Defendant argues that the goals of sentencing could have been accomplished with a less severe term of imprisonment. When, as here, a defendant's motion for reconsideration urges merely that the sentence is excessive, he is relegated solely to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993).
A sentence violates LSA Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. *123 Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667.
Prior to imposing sentence, the district court considered a pre-sentence investigation report and a defense-supplied addendum to the report. The court noted that defendant was 58 years old at the time of sentencing and considered his social history in some detail. Defendant had quit school in the ninth grade. He was honorably discharged from the military after a four-year enlistment. Although he was married with three adult children, he had lived with the victim for 15 years. Defendant's employment record included long-term work as a logger.
Defendant did not have a juvenile record. In the 1970s, he was convicted for battery and theft. In 1980, defendant was arrested for attempted first degree murder, simple robbery and resisting an officer. He was convicted by a jury on the robbery charge. In that case, defendant severely beat an elderly man, took his money and left him lying unconscious on the ground. Additionally, defendant held hostage for several days a woman who had witnessed his crime, fearing she would tell authorities.
The court determined the instant offense manifested deliberate cruelty to the victim. The court noted defendant had removed items of the victim's property from the residence and had taken them to the home of another woman with whom he was romantically involved. The court considered defendant's history of violence and noted that the method of the stabbing in this homicide indicated a specific intent to kill or cause serious injury. The court found no indication of strong provocation, excuse or justification for defendant's actions. The court noted defendant had threatened the victim prior to this homicide, and stated it did not believe defendant's story that he and the victim were practicing methods of defense against intruders when the stabbing occurred.
The court determined that defendant was in need of correctional treatment in a custodial environment, and that a lesser sentence would deprecate the seriousness of the offense. Finally, the court determined that the facts of the crime provided a basis for the charge of second degree murder. The record supports the trial court's findings and determinations.
The defendant has failed to establish constitutional error in the imposition of this sentence. As originally charged, defendant faced a mandatory sentence of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. By reducing the charge through his plea bargain, the defendant obtained a substantial reduction in his potential exposure to confinement. In addition, the record demonstrates that the district court adequately considered defendant's personal history and any arguably mitigating factors.
*124 Considering the circumstances of this case, the sentence imposed is neither grossly disproportionate to the severity of the offense nor shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in sentencing this defendant. Thus, we cannot say that the sentence is constitutionally excessive. The assignment of error lacks merit.
We have examined the record for error patent and found none.

CONCLUSION
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.