LBROWN, C.J.
The state initially charged defendant, Terri Lynn Hamilton, with second degree murder, but agreed to accept her guilty plea to one count of manslaughter, a violation of La. R.S. 14:31 punishable by imprisonment at hard labor for not more than 40 years. The court imposed a sentence of 12^ years at hard labor without benefit of parole, probation, or suspension of sentence and denied a timely motion for reconsideration. On appeal, defendant argues that her sentence is excessive. Because the applicable statutes do not provided for a denial of parole, we delete that portion denying the benefit of parole, and affirm as amended.

Discussion

The matters of record show that on April 6, 2002, defendant had an argument with the victim, Mary McKnight, at an apartment in West Shreveport. The victim and defendant were friends. The verbal altercation escalated into a struggle in which defendant shot the unarmed victim twice, once in the head and once in the chest. Autopsy results revealed that the victim was legally intoxicated and had cocaine metabolite in her blood at the time of her death. The trial court stated at sentencing that it was “somewhat at a loss as to what really happened, the circumstances causing this incident to take place and ultimately what really was the relationship that brought these two people together, other than two people who know each other.”
*640 Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the 12seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158.
In the instant case, prior to imposing sentence, the court considered sentencing memoranda submitted by the state and the defense, as well as letters and statements from friends and family members of defendant and the victim. Defendant was 40 at the time of sentencing. She is a high school graduate with no criminal history and had what the district court termed a “substantial employment history.” The court also noted that defendant had played a principal role in raising her children.
We do not find constitutional error on this record. Defendant could have received life imprisonment under the original charge and up to 40 years on the reduced charge. Even if the events surrounding the offense occurred as reported by defendant, the killing of the unarmed victim was without justification or excuse. Defendant’s 12%-year sentence is neither 1 agrossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. Thus, it is not constitutionally excessive.
La. R.S. 14:31 provides that a person convicted of manslaughter shall be imprisoned at hard labor for not more than 40 years. This provision does not contain a prohibition against parole, probation, or suspension of sentence. La. C. Cr. P. art. 890.1, however, allows the sentencing court to deny or place conditions on eligibility for diminution of sentence for good behavior. La. C. Cr. P. art. 893 further provides that the court shall not suspend the sentence of a person convicted of a crime of violence. Manslaughter is a crime of violence as defined in La. R.S. 14:2(13)(d). Therefore, the court correctly disallowed defendant the benefits of suspension of sentence and probation. The court erred, however, in ordering that defendant’s sentence be served without benefit of parole. Defendant’s sentence will therefore be amended to delete the prohibition against parole. See State v. Lowery, 33,584 (La. App.2d Cir.06/21/00), 765 So.2d 460; State v. Osborne, 00-0345 (La.App. 4th Cir.12/06/00), 775 So.2d 607, writ denied, 01-0315 (La.12/14/01), 803 So.2d 985.

Conclusion

Defendant’s sentence is amended to delete the prohibition against parole. As amended, the sentence is affirmed.