948 So.2d 356 (2007)
STATE of Louisiana, Appellee
v.
Edward Lamar JONES, Appellant.
Nos. 41,628-KA, 41,629-KA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 2007.
Laura M. Pavy, for Appellant.
J. Schuyler Marvin, District Attorney, Edward C. Jacobs, Charles A. Smith, Assistant District Attorney, for Appellee.
Before WILLIAMS, STEWART and MOORE, JJ.
*357 WILLIAMS, Judge.
The defendant, Edward L. Jones, was originally charged with second degree murder, a violation of LSA-R.S. 14:30.1, and obstruction of justice, a violation of LSA-R.S. 14:130.1. Pursuant to a plea agreement, defendant pled guilty to the reduced charge of manslaughter, a violation of LSA-R.S. 14:31, and obstruction of justice. The district court imposed the maximum sentence of 40 years at hard labor for the manslaughter conviction and a sentence of five years at hard labor for the obstruction of justice conviction. The sentences were to be served consecutively. Defendant's timely motion to reconsider sentence was denied. Defendant appeals his sentences as excessive. For the following reasons, we affirm.

DISCUSSION
The record shows that the defendant and the victim, Vernon Dutch, knew each other and had been involved in a dispute concerning a debt which the victim allegedly owed to the defendant. On November 12, 2001, defendant entered the victim's apartment armed with a handgun and shot the victim once in the head. The victim died as a result of the gunshot wound. The defendant was eventually arrested and the handgun used in the crime was found in his apartment. While the defendant initially denied any knowledge or involvement with the crime, he later confessed to the shooting. As a result of the plea agreement, the defendant pled guilty to the charges of manslaughter and obstruction of justice, with a ten-year sentencing cap on the obstruction of justice conviction. There was no sentencing agreement with respect to the manslaughter conviction.
The defendant contends the district court's imposition of the maximum sentence for his manslaughter conviction is excessive. He argues that the goals of punishment would be accomplished with a less severe sentence considering his background and the circumstances of the case.
In reviewing claims alleging the excessiveness of a sentence, an appellate court applies a two-pronged test. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of Article 894.1, not a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 04-0834 (La.3/11/05), 896 So.2d 57, 04-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment *358 are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Bradford, supra.
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the district court has wide discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345. Whoever commits manslaughter shall be imprisoned at hard labor for not more than 40 years. LSA-R.S. 14:31.
Prior to imposing sentence in this case, the district court reviewed a pre-sentence investigation report, the defendant's sentencing memorandum and a letter submitted to the court by the victim's mother. The court stated that defendant was a second felony offender with a "fairly extensive" criminal record, which included convictions for possession of cocaine, theft by taking, forgery and violation of probation in the state of Georgia. The court noted that the defendant had been previously diagnosed with paranoid schizophrenia, had suffered from mental and emotional problems from the age of ten and had admitted to chronic use of illegal drugs, specifically cocaine. However, the court found there was no excuse for the defendant's act of taking a human life. The court further noted that the victim's mother had incurred significant financial expenses related to her son's funeral and had asked the court to impose the most severe penalty allowed by the law.
Despite the defendant's history of mental illness and chronic drug abuse, the defendant's statements during his psychological evaluations indicated that at the time of the offense, defendant intentionally armed himself with a handgun and waited for an opportunity to threaten the victim without others present. Thus, the offense of manslaughter did not adequately describe defendant's conduct in shooting the victim to death and the imposition of the maximum sentence was within the court's discretion.
The defendant also contends that the district court erred in imposing consecutive sentences. It is within a trial judge's discretion to order sentences to run consecutively rather than concurrently. State v. Dagenhart, 39,874 (La.App.2d Cir.8/17/05), 908 So.2d 1237. Concurrent sentences arising out of a single course of conduct are not mandatory and consecutive sentences under those circumstances are not necessarily excessive. State v. Ortego, 382 So.2d 921 (La.1980), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980); State v. Dagenhart, supra.
As this court has noted previously, the jurisprudence has moved away from requiring remand under certain circumstances involving the imposition of consecutive sentences when the trial court has not specifically stated reasons therefor. State v. Hampton, supra. The cases cited in Hampton conclude that the failure to articulate specific reasons for consecutive sentences does not require remand if the record provides an adequate factual basis to support consecutive sentences. In this case, the court could reasonably have considered the gravity or dangerousness of the offense and the harm done to the victim's family in ordering the sentences to run consecutively with each other.
After reviewing the record, we conclude that the district court provided adequate reasons for the imposition of these consecutive *359 sentences, which are within the sentencing range for the offenses of conviction. The defendant is a second felony offender with an extensive criminal history, who has previously absconded from probation supervision. The sentences imposed are justified by the record, and are neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. There is no showing that the district court abused its discretion in sentencing this defendant. Thus, we cannot say that the sentences are constitutionally excessive. The assignment of error lacks merit.
Defendant's final assignment of error is a request for this court to review the record for errors patent. This request is unnecessary since such a review is made automatically in all criminal cases. State v. Bryant, 29,344 (La.App.2d Cir.5/7/97), 694 So.2d 556. Our review of this record revealed no error patent.

CONCLUSION
For the foregoing reasons, the defendant's convictions and sentences are affirmed.
AFFIRMED.