STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
10-1215

STATE OF LOUISIANA

VERSUS

SHERREL KING

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 76909
HONORABLE JOHN C. FORD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Asa Skinner
District Attorney
Terry Lambright
Assistant District Attorney
P.O. Box 1188
Leesville, LA  71496
Counsel for Appellee:
        State of Louisiana**

**G. Paul Marx
Louisiana Appellate Project
P.O. Box 82389
Lafayette, LA 70598
Counsel for Defendant/Appellant:
        Sherrel King**

**PAINTER, Judge.**

Defendant, Sherrel King, appeals the sentence imposed in connection with her conviction for distribution of cocaine. For the following reasons, we affirm the sentence.

**FACTS**

On December 22, 2008, Defendant sold crack cocaine to a confidential informant. She was charged by bill of information filed on August 5, 2009, with distribution of cocaine, in violation of La.R.S. 40:967, and entered a plea of not guilty on August 11, 2009. Jury selection began on December 7, 2009. Prior to the selection of all jurors, Defendant changed her plea to guilty. Defendant was sentenced on February 23, 2010, to serve ten years at hard labor, to run concurrently with any other sentence.

Defendant filed a *pro se* motion for reconsideration of sentence on February 25, 2010. The motion was denied on March 4, 2010. On April 20, 2010, Defendant filed a *pro se* motion for out-of-time appeal. On May 14, 2010, Defendant filed another *pro se* motion for reconsideration of sentence. The motion was denied on May 20, 2010. On May 20, 2010, Defendant filed a second motion for out-of-time appeal. On June 19, 2010, the trial court denied the first motion for out-of-time appeal. On August 31, 2010, the trial court granted the second motion for out-of-time appeal. On September 14, 2010, defense counsel filed a motion for appeal, which was subsequently granted.

Defendant is now before this court asserting one assignment of error. She contends that the trial court erred in imposing a hard labor sentence which terminated her drug treatment.

1

**DISCUSSION**

In her only assignment of error, Defendant contends that the trial court erred in imposing a hard labor sentence which terminated her drug treatment. Defendant asserts that she was near completion of her treatment plan and could have served a mixed sentence, which would have best served the public interest and her own by addressing what the trial court found was a serious drug addiction.

Defendant pled guilty to distribution of crack cocaine, which is punishable by a term of imprisonment from two to thirty years. La.R.S. 40:967. Defendant was sentenced to serve ten years at hard labor, to run concurrently with any other sentence.

To determine whether a sentence is constitutionally excessive, this court has stated that:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied,* 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied,* 01-838 (La. 2/1/02), 808 So.2d 331.

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied,* 03-562 (La. 5/30/03), 845 So.2d 1061, this court held that in order to

decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, the following factors may be considered:

> [T]he nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith,* 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste,* 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook,* 95-2784 (La.5/31/96); 674 So.2d 957, 958.

At the sentencing hearing, defense counsel informed the trial court that Defendant expressed a desire for the trial court to consider her as a candidate for drug court. Further, she had a certificate showing that she completed the program at Washington Street Center, an inpatient rehabilitation facility, and had been referred for additional rehabilitation at Freedom House in Baton Rouge. The State indicated that it was opposed to referring Defendant to drug court. When sentencing Defendant, the trial court indicated that Defendant was a fourth felony offender, and it considered her completion of rehabilitation.

Defendant contends that after she committed the offense, she went to inpatient treatment and successfully addressed her addiction, with the opportunity to complete treatment at Freedom House in Baton Rouge. She asserts that the trial court could have allowed her to complete treatment and then serve the two-year minimum with rigorous supervision after incarceration. However, Defendant did not mention drug treatment in either of her motions for reconsideration of sentence and did not object to the sentence at the sentencing hearing on the basis that she should be allowed to attend rehabilitation at Freedom House. Therefore, the issue is not properly before

3

this court as a basis for excessiveness of sentence and will not be addressed by this court. La.Code Crim.P. art. 881.1.

Defendant also contends that the imposition of a prison term was excessive given the fact that she had treatment and was passing drug screens in advance of sentencing. However, the record reveals that Defendant is a fourth felony offender. Further, pursuant to her plea agreement, the State agreed not to charge her as a habitual offender and dismissed charges of theft in an amount greater than $300, four counts of theft in an amount greater than $500, conspiracy to distribute cocaine, and possession with intent to distribute cocaine. Based on Defendant's criminal history and the benefit she received from the plea bargain, we find that her sentence is not excessive.

## CONCLUSION

For these reasons, we affirm the sentence imposed by the trial court.

**AFFIRMED.**