STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-285

STATE OF LOUISIANA

VERSUS

BILLY J. WELDON

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-2009-896
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

Brent Hawkins
Louisiana Appellate Project
Post Office Box 3752
Lake Charles, Louisiana  70602-3752
(337) 502-5146
COUNSEL FOR DEFENDANT/APPELLANT:
    Billy J. Weldon

**David W. Burton**
**District Attorney — Thirty-Sixth Judicial District**
**Richard F. Blankenship**
**Assistant District Attorney**
**Post Office Box 99**
**DeRidder, Louisiana  70634**
**(337) 463-5578**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**GENOVESE, Judge.**

In this criminal case, Defendant, Billy J. Weldon, was convicted by a jury of the responsive verdict of manslaughter. He only appeals his sentence of thirty-eight years at hard labor, seven years of which were suspended with supervised probation, alleging an excessive sentence. For the reasons that follow, we affirm Defendant's sentence.

## FACTS AND PROCEDURAL HISTORY

On Sunday, August 23, 2009, Defendant and Kimberly Stephens, along with Defendant's infant son, traveled to a vacant lot off Granberry Road just south of DeRidder, Louisiana. At that location, Defendant used cocaine and Ms. Stephens ingested pills. Thereafter, Ms. Stephens attempted to perform oral sex on Defendant; however, Defendant could not maintain an erection. Later, while she was on her cell phone, Ms. Stephens threw something at Defendant, and Defendant subsequently beat and stabbed her. Ms. Stephens' body was found on Wednesday, August 26, 2009. She died as the result of blunt force injuries to the head and stab wounds to the neck. Defendant admitted being with Ms. Stephens and beating her. At trial, there was also corroborating cell phone verification and DNA evidence.

Defendant was later arrested and was charged in an indictment with second degree murder. He entered a plea of not guilty. Trial by jury commenced on February 13, 2012; however, a mistrial was declared.

In Defendant's second trial, the jury returned a verdict of guilty to the responsive verdict of manslaughter. Defendant was sentenced to serve thirty-eight years at hard labor with seven years suspended. He was placed on supervised probation for five years, the first four of which were to be served on home incarceration.

Defendant filed a motion to reconsider sentence and also a motion for appeal. Defendant's motion to reconsider sentence was denied; his appeal was granted. Defendant is before this court asserting an excessive sentence as his lone assignment of error.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no actionable errors patent.[1]

## ASSIGNMENT OF ERROR

In his only assignment of error, Defendant contends that the thirty-eight-year sentence imposed by the trial court is not supported by the record and is unconstitutionally excessive for a first offender.

## DISCUSSION

Even though a penalty falls within the statutory sentencing range, it may still be unconstitutionally excessive:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to

---

[1]The trial court sentenced Defendant to serve thirty-eight years at hard labor, suspended seven of those years, and placed him on five years supervised probation. Louisiana Revised Statutes 14:31(B) provides that a person convicted of manslaughter "shall be imprisoned at hard labor for not more than forty years." It does not set forth any prohibition against parole, probation, or suspension of sentence; however, La.Code Crim.P. art. 893 prohibits the court from suspending the sentence, in whole or in part, and placing on probation persons convicted of certain crimes of violence, including manslaughter. *See* La.R.S. 14:2(B)(4). Thus, the partially suspended sentence imposed on Defendant is illegally lenient. Because the issue of an illegally lenient sentence was not raised as an error, it is not before this court and will not be addressed. *State v. Celestine*, 11-1403 (La.App. 3 Cir. 5/30/12), 91 So.3d 573.

2

the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted). "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983). . . . "The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." La.Code Crim.P. art. 881.4(D).

*State v. Tall*, 12-280, pp. 7-8 (La.App. 3 Cir. 10/24/12), 100 So.3d 388, 394-95 (alterations in original).

Defendant was convicted of manslaughter, which is punishable by imprisonment at hard labor for not more than forty years, and was sentenced to serve thirty-eight years with seven years suspended. Before imposing sentence, the trial court noted it had reviewed the entire record, including testimony from the sentencing hearing and letters submitted subsequent thereto, the victim impact statements, and the factors set forth in La.Code Crim.P. art. 894.1, and stated:

I do recognize that Mr. Weldon received a benefit by the verdict in this matter. Mr. Weldon was facing and very well could have been convicted of second-degree murder, which would have carried with it a mandatory life sentence without any possibility of probation, parole, or suspension of sentence. But the verdict reached of manslaughter, in effect, capped the punishment at 40 years as opposed to life; and it becomes my decision, then, to decide what, between zero and 40 years, is just in this matter.

I don't know why the jury reached the verdict that they did, whether they felt that the evidence was not sufficient for second-degree murder or whether they felt that the drug-induced state precluded you from forming the specific intent, which is a necessary element of second-degree murder, or whether it was just some compromise verdict among jurors trying to reach a decision in this matter. That is not my job. But I must respect their verdict.

. . . .

3

The Court finds that the following aggravating factors of Article 894.1 of the Code of Criminal Procedure are applicable in this matter. These are found in paragraph B.

Number one, the offender's conduct during the commission of the offense manifested deliberate cruelty to the victim. This was an extremely violent death, where a lady's head was beaten with apparently a crescent wrench and her throat cut or stabbed.

Number five, the offender knowingly created a risk of death or great bodily harm to more than one person. It is unfathomable and unconscionable to me that you committed this act while in the presence of your infant child and exposed your child to such a violent rampage, where the life of the child could have been endangered.

Number six, the offender used threats of or actual violence in the commission of the offense. Number nine, the offense resulted in a significant permanent injury or significant economic loss to the victim or her family. And, number ten, the offender used a dangerous weapon in the commission of the offense. Number 19, the offender used a firearm or other dangerous weapon while committing or attempting to commit an offense which has as an element the use, attempted use, or threatened use of physical force against the person or property of another and which, by its very nature, involves a substantial risk that physical force may be used in the course of committing the offense. And 21, any other relevant aggravating circumstances.

The Court must take into account the fact that you have taken no responsibility for your actions in this matter. I understand that a defendant has the right to maintain their [sic] innocence even after conviction and through appeal, and I respect that; but[,] I cannot consider that as a mitigating factor and actually consider it as an aggravating factor once the jury has reached their decision.

The Court finds the following mitigating factors are applicable in this case. Number 28, the defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime. Number 33, any other relevant mitigating circumstances.

And this is a troubling factor for the Court, because it could just as easily be considered an aggravating factor as a mitigating factor; and that is that the offense was committed while under the influence of drugs and/or alcohol. Certainly, that was a willful and voluntary decision on your part. But at the same time, I do not believe that you have a history of being a violent person; although, there was testimony of prior outbursts with former spouses, but nothing anywhere near the situation that occurred in this case.

I do not believe that you turned down Granberry Road with the intent of committing murder. Nevertheless, that is what occurred in this situation; and so that mitigating factor is balanced by the fact that it was a voluntary act on your part to consume those drugs.

The law provides that whoever commits manslaughter shall be imprisoned at hard labor for not more than 40 years. I believe that although a 40-year sentence would be justified and probably upheld by the courts as not being excessive in this matter, to me it would not be justice to impose the maximum penalty in this matter without taking into consideration all of the aggravating and mitigating factors. But a substantially lenient sentence would totally deprecate the value of Ms. Stephens' life. And regardless of what sentence I impose upon you, you will have a life to live. And whatever age you are when you are released from incarceration, you will have family and friends and a life to reconstruct and live. Ms. Stephens will never have that possibility.

I am going to suspend some of the sentence to allow you to safely reintegrate into society at some point.

In brief to this court, Defendant asserts the trial court's suggestion that his son was at risk of being harmed is not supported by the record and should not have been considered as an aggravating factor. Defendant also asserts the trial court should not have considered his failure to take responsibility for the crime as an aggravating factor. Defendant further asserts the trial court may have had some reservation about the verdict returned by the jury, and that reservation may have been an "unstated factor" in determining his sentence.

In his motion to reconsider sentence, Defendant alleged the sentence imposed was grossly out of proportion to the crime committed and asked the trial court to sentence him to a lesser sentence. He did not allege that the trial court improperly considered certain factors at the time he was sentenced. Thus, that portion of Defendant's claim is not properly before this court for review. La.Code Crim.P. art. 881.1; *State v. King*, 10-1215 (La.App. 3 Cir. 4/6/11), 61 So.3d 810. We will, however, review Defendant's sentence for excessiveness.

5

In his brief to this court, Defendant discusses several cases wherein defendants were convicted of manslaughter and sentenced to serve maximum sentences and asserts that the facts of the cited cases are more egregious than those in the case at bar. In his brief, Defendant sets forth the following:

> In *State v. Bailey*, 07-130 (La.App. 3 Cir. 10/3/07), 968 So.2d 247, this Court upheld a 40-year maximum sentence when the defendant and his accomplice armed themselves with firearms before entering the sleeping victim's residence, chased the victim from the house and then shot the victim seventeen times when he returned.
>
> In *State v. Russell*, 42-479 (La.App. 2 Cir. 9/26/07), 966 So.2d 154, *writ denied*, 07-2069 (La. 3/7/08), 977 So.2d 897, the second circuit upheld a 40 year maximum sentence where a defendant shot his father twice in the head after an argument and then buried the body, burned his father's personal affects and then lied about his father's whereabouts. In *State v. Key*, 46,119 (La.App. 2 Cir. 03/02/11), 58 So.3d 578, *writ denied*, 11-594 (La. 10/7/11), 71 So.3d 310, the court of appeal upheld a 40 year maximum sentence when Defendant pled guilty to manslaughter after she beat an elderly man to death with a lamp and then robbed him of his money, credit card and vehicle[.] In *State v. Jones*, 41,628 (La.App. 2 Cir. 1/24/07), 948 So.2d 356, the second circuit upheld a 40-year maximum sentence when the defendant entered the victim's apartment with a handgun and shot the victim in the head. In *State v. Hall*, 36,335 (La.App. 2 Cir. 9/18/02), 828 So.2d 120, the second circuit also upheld a 40-year maximum sentence for a manslaughter committed when the defendant stabbed the victim from behind with extreme force.
>
> In *State v. Jones*, 01-630 (La.App. 4 Cir. 3/20/02), 814 So.2d 623, *writ denied*, [02-1111] (La. 11/15/02), 829 So.2d 424, the fourth circuit upheld a 40-year maximum sentence for manslaughter and a 20-year maximum for attempted manslaughter when the defendant fired multiple shots at two unarmed men, shooting both men in the back and shooting one man when he was fleeing. In *State v. Points*, 00-1371 (La.App. 4 Cir. 4/11/01), 787 So.2d 396, *writ denied*, 01-1410 (La. 4/12/02), 812 So.2d 665, a maximum 40-year sentence was upheld for a manslaughter committed when the defendant shot his pregnant wife in front of her four children.[2] In *State v. Williams*, 99-2355 (La.App. 4 Cir. 12/13/00), 776 So.2d 604, *writ denied*, 01-1829 (La. 4/12/02), 812 So.2d 667, the fourth circuit upheld a maximum 40-year sentence for a manslaughter committed when the defendant armed himself with an AK 47 semi-automatic assault weapon, kicked in the front door, and fired nineteen bullets, endangering the terrified occupants, including a seven month old infant and the victim's invalid mother as well as neighbors.

---

[2] We note that the defendant shot his pregnant mother-in-law, not his wife.

6

Defendant then discusses cases in which the maximum sentence was not imposed for convictions of manslaughter and asserts that the offenders in those cases actively and physically participated in the killing of their victims and received lesser sentences than he did. In his brief, Defendant sets forth the following:

> In *State v. Cotton*, 10-409 (La.App. 5 Cir. 5/31/11), 67 So.3d 673, the fifth circuit upheld a 10-year sentence for a manslaughter committed by a first time felony offender who stabbed the victim in the throat and left him to drown in his own blood. In *State v. Hamilton*, 39,168 (La.App. 2 Cir. 10/27/04), 886 So.2d 638, the second circuit upheld a 12 1/2 year sentence for a manslaughter committed when the defendant shot the unarmed victim twice - once in the head and once in the chest - during a struggle. In *State v. Henderson*, 40,257 (La.App. 2 Cir. 10/26/05), 914 So.2d 106, the second circuit upheld a 16-year sentence for manslaughter when the defendant, a first time felony offender, stabbed the victim in the chest during a fight.
>
> In *State v. Thomas*, 08-113 (La.App. 5 Cir. 6/19/08), 988 So.2d 750, the fifth circuit upheld a 23-year sentence for a manslaughter when the defendant severely beat the victim with a baseball bat. In *State v. Batiste*, 07-482 (La.App. 3 Cir. 10/31/07), 969 So.2d 704, this Court upheld a 20 year sentence for a manslaughter committed when the defendant, a first time felony offender, hit the victim in the head with a stick. In *State v. Couvillion*, 05-5 (La.App. 5 Cir. 07/26/05), 910 So.2d 991, the fifth circuit upheld a 25 year sentence for manslaughter when the defendant aided in the death of the victim by punching the victim while a co-defendant drug the victim with a belt around the victim'[s] neck. In *State v. Wright*, 10-577 (La.App. 5 Cir. 2/15/11), 61 So.3d 88, [*writ denied*, 11-560 (La. 9/30/11), 71 So.3d 283,] the court upheld a 25 year sentence for manslaughter when the defendant aided in the manslaughter by being present during the planning of the armed robbery of the victim, provided the gun that was used to kill the victim, helped set up the armed robbery and was present at the scene in the event his co-defendants needed help.

Defendant contends that his actions pale in comparison to cases where the maximum sentence was imposed. He argues that considering the circumstances surrounding the crime, drug abuse and rage, and his status as a first offender, his sentence is excessive. He requests that his sentence be vacated and that this court

7

remand the matter to the trial court for imposition of a sentence of twenty years or less.

In support of its argument that Defendant's sentence is not excessive, the State cites *State v. Johnson*, 38,415 (La.App. 2 Cir. 7/14/04), 878 So.2d 869, *writ denied*, 05-589 (La. 1/13/06), 920 So.2d 222. In *Johnson*, the defendant was convicted of manslaughter and sentenced to serve forty years at hard labor for dragging his former girlfriend from her home and shooting her in the side and the head.

The State also calls this court's attention to *State v. Bailey*, 07-130 (La.App. 3 Cir. 10/3/07), 968 So.2d 247, and the cases this court cited therein. In *Bailey*, 968 So.2d at 254 (quoting *State v. Jones*, 05-735, p. 9 (La.App. 5 Cir. 2/27/06), 924 So.2d 1113, 1118, *writ denied*, 07-151 (La. 10/26/07), 966 So.2d 567) (alteration in original), this court set forth the following pertinent case:

> In *State v. Lanieu*, [98-1260 (La.App. 1 Cir. 4/1/99), 734 So.2d 89, *writ denied*, 99-1259 (La.10/8/99), 750 So.2d 962,] the defendant was charged with second degree murder and convicted of manslaughter. The defendant was sentenced to forty years at hard labor. In *Lanieu*, the defendant shot the victim in the head twice after an argument wherein the men cursed at each other in front of the defendant's home. After the shooting, the defendant drove off in the victim's car and dumped the victim's body in a field. The defendant claimed that prior to the shooting he saw the victim reach down in the car and saw the handle of what appeared to be a gun; however, two witnesses provided that they did not see the victim with a gun on that day. At sentencing, the trial court noted that the defendant was a nineteen-year-old first felony offender with no adult criminal history. The PSI noted that the defendant had been arrested for attempted second degree murder, but that the grand jury pretermitted the case. The First Circuit concluded that the sentence imposed was not grossly disproportionate to the severity of the crime.

Based on the heinous nature of the offense, the circumstances of Defendant, the legislative purpose behind the punishment, and a comparison of the maximum

sentences imposed in *Key*, 58 So.3d 578, and *Hall*, 828 So.2d 120, we find that the trial court did not abuse its discretion in imposing a sentence of thirty-eight years at hard labor, with seven years suspended, in the case at bar. Defendant's assignment of error lacks merit.

## DISPOSITION

Defendant's sentence is affirmed.

**AFFIRMED.**