# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**18-595**


**STATE OF LOUISIANA**

**VERSUS**

**PAUL KNATT**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 11-1790
HONORABLE LEWIS H. PITMAN, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**AFFIRMED.**


**M. Bofill Duhe**
**District Attorney**
**Nicole Burke**
**W. Claire Howington**
**Assistant District Attorneys**
**300 Iberia Street, Suite 200**
**New Iberia, Louisiana 70560**
**(337) 369-4420**
**Counsel for Appellee:**
    **State of Louisiana**

**Harry Daniels, III**
**Daniels & Washington**
**38167 Post Office Road**
**Prairieville, Louisiana 70769**
**(225) 346-6280**
**Counsel for Defendant/Appellant:**
    **Paul Knatt**

**KEATY, Judge.**

Defendant, Paul Knatt, appeals his conviction and sentence for manslaughter. For the following reasons, Defendant's conviction and sentence are affirmed.

### FACTS & PROCEDURAL BACKGROUND

On September 1, 2011, Ridge Honore approached his cousin, Defendant herein, and asked a derogatory question. Both men began arguing, and Honore told Defendant, "You survived last time, but you won't survive this time." Honore returned to his truck, while Defendant went to his car and retrieved a gun. Defendant thereafter approached Honore, who was sitting inside of his truck with his infant child and shot Honore multiple times. Honore died. No one saw Honore with a weapon, and no weapon was found on his person or in his truck.

On December 16, 2011, Defendant was charged by bill of information with manslaughter, a violation of La.R.S. 14:31. The bill was thereafter nolle prossed because Defendant was charged by a bill of indictment with second degree murder, a violation of La.R.S. 14:30.1. A jury trial began on June 15, 2015, and ended in a mistrial on June 17, 2015. On September 11, 2017, Defendant's second jury trial commenced after which the jury returned a guilty verdict on the responsive verdict of manslaughter. Defendant was sentenced to serve fifteen years at hard labor. He filed a Motion to Reconsider Sentence, which the trial court denied. Defendant appealed.

On appeal, Defendant asserts the following assignments of error:

1. The Trial Court erred as a matter of law denying the Accused, Paul Knatt, of his Constitutional right to present a defense when it ruled that the Accused could not present evidence of the January 31, 2010, shooting to show his state of mind, at the time of the September 1, 2011, shooting until he provided a foundation under Louisiana Code of Evidence Article 404 A(2).

2. Did Paul Knatt present appreciable evidence of an overt act or hostile demonstration to allow [the] January 30, 2010 shooting into evidence.

3. The sentence imposed is excessive for this offense and this offender.

## DISCUSSION

### I. Errors Patent

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

### II. First Assignment of Error

In his first assignment of error, Defendant contends the trial court erred as a matter of law by denying his constitutional right to present a defense when it ruled that he could not present evidence of the January 31, 2010 shooting to show his state of mind at the time of the September 1, 2011 shooting until he provided a foundation under La.Code Evid. art. 404A(2).

At the outset, we note that Uniform Rules—Courts of Appeal, Rule 2-12.4(A) requires an appellant's brief to contain the following:

> (7) a statement of facts relevant to the assignments of error and issues for review, with references to the specific page numbers of the record;
>
> . . . .
>
> (9) the argument, which shall contain:
>
>> (a) appellant's contentions, with reference to the specific page numbers of the record and citations to the authorities on which the appellant relies,
>>
>> (b) for each assignment of error and issue for review, a concise statement of the applicable standard of review, which may appear in the discussion or under a separate heading placed before the discussion[.]

2

In support of his assignment of error, Defendant references the State's Motion in Limine wherein it asserted that there was not enough evidence to identify Honore as the shooter in the January 31, 2010 shooting. Defendant, however, fails to indicate when the motion in limine was filed or provide a page number in the record for same. A review of the record reveals that the State filed at least three motions entitled "Motion in Limine." Additionally, Defendant fails to provide the date of the trial court's ruling that is allegedly incorrect or reference the page number in the record where it can be obtained. The only page numbers in the record referenced in support of Defendant's assignment of error relate to his sentencing memorandum. Accordingly, we decline to consider Defendant's first assignment of error.

## III.    Second Assignment of Error

In his second assignment of error, Defendant contends the trial court erred by preventing him from presenting evidence of the January 31, 2010 shooting. He alleges the totality of the circumstances must be considered when determining whether an overt act occurred.

Our review of Defendant's assignment of error reveals that he failed to identify the caption of the pleading or oral motion that necessitated the trial court's ruling from which he seeks review, the date that the pleading was filed or oral motion was made, and the date of the ruling at issue. Defendant also fails to reference the record page numbers of the pleading or oral motion and the ruling thereon. The only page numbers listed by Defendant in support of this assignment of error relate to witness testimony elicited at his trial. Accordingly, we decline to consider Defendant's second assignment of error in light of Uniform Rules—Courts of Appeal, Rule 2-12.4.

## IV. Third Assignment of Error

In his third assignment of error, Defendant contends the sentence imposed is excessive for this offense and this offender.

In *State v. Morain*, 08-1546, pp. 2-4 (La.App. 3 Cir. 6/3/09), 11 So.3d 733, 735-36, *writ denied*, 09-1670 (La. 4/30/10), 34 So.3d 282, this court discussed the following standard to be used in reviewing excessive sentence claims:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-0838 (La.2/1/02), 808 So.2d 331 (alteration in original).

> In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, we have held that:

> > [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1

4

Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-0562 (La.5/30/03), 845 So.2d 1061.

In *State v. Whatley*, 06-316 (La.App. 3 Cir. 11/2/06), 943 So.2d 601, *writ denied*, 06-2826 (La. 8/31/07), 962 So.2d 424, we discussed the factors that a reviewing court should consider in determining if a trial court abused its discretion in imposing a sentence. In *Whatley*, citing *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-0433 (La.6/25/99), 745 So.2d 1183, we annunciated three factors that a reviewing court should take into consideration in abuse of discretion cases: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts.

In this case, Defendant was convicted of manslaughter, which is punishable by imprisonment up to forty years at hard labor. La.R.S. 14:31(B). He was sentenced to serve fifteen years at hard labor. According to a sentencing memorandum filed on January 16, 2018, the State stipulated Defendant had no prior convictions but revealed his pending charge of illegal carrying of weapons, with an offense date of February 20, 2009. The State further sought enhancement of Defendant's sentence pursuant to La.Code Crim.P. art. 893.3. Louisiana Code of Criminal Procedure Article 893.3(E) provides for a minimum sentence of twenty years when a firearm is discharged in the commission of a violent felony, and the sentence must be imposed without benefit of parole, probation, or suspension of sentence. The State, thereafter, filed an amended sentencing memorandum withdrawing its request for consideration of La.Code Crim.P. art. 893.3.

At the sentencing hearing, the victim's sister and brother, Katina Honore and Rusty Honore, made statements. Defendant then addressed the trial court wherein he apologized "for the situation" and indicated that he was unaware that there was a

baby in the truck at the time of the shooting. Defendant stated that, at the time of the offense, he was in school and working multiple jobs. At his sentencing, Defendant pointed out that he had two children, ages ten and seven. According to Defendant, he turned himself in to police on the date of the offense. He informed the trial court that he took responsibility for Honore's death although he blamed his actions on an occurrence in 2010 wherein Honore allegedly shot Defendant. Defendant stated that he did not intend to kill Honore and that it was committed in self-defense. Defendant was twenty-two years old at the time of the offense and admitted to being charged with illegal carrying of a weapon in February 2009.

The State informed the trial court that Defendant was convicted of manslaughter, and the jury rejected his claim of self-defense. The State asserted witnesses Michael Charles and Jezerell Westley did not see Honore with a gun. The State indicated that because Honore was shot in the torso, Defendant's claim that Honore was reaching down for something prior to the shooting lacks merit. The State then asked for a maximum sentence.

Defense counsel noted that evidentiary rules prevented him from presenting proof that Honore shot Defendant in the back on January 31, 2010. Defense counsel then discussed the specifics of that shooting and its aftermath. Defense counsel asked that the trial court sentence Defendant to time served, i.e., seven years. In rebuttal, the State asserted it was never proven that Honore shot Defendant.

The trial court imposed Defendant's sentence, as follows:

Under Code of Criminal Procedure Article 890.3 Paragraph C, the following crimes of violence enumerated in RS 14:02 Paragraph B, shall always be designated by the Court in the minutes as a crime of violence. Number 4 on that listing is manslaughter, therefore this will be designated in the court minutes as a crime of violence. Under Code of Criminal Procedure Article 893A, Paragraph A, Subparagraph 2, it reads the Court shall not suspend the sentence of a conviction for an offense that is designated in the court minutes as a crime of violence pursuant to Article 890.3, except a first conviction for an offense with

6

a maximum prison sentence of ten (10) years or less that was not committed against a family member or household member as defined by RS 14:35.3 or dating partner as defined by RS 46:2151. The penalty for manslaughter exceeds ten (10) years requirement under Code of Criminal Procedure Article 893, therefore a suspended sentence is not possible in this case. It takes us to Code of Criminal Procedure Article 894.1. When a defendant has been convicted of a felony or misdemeanor the Court should impose a sentence of imprisonment if any of the following occurs. Paragraph 3, a lesser sentence would deprecate the seriousness of the defendant's crime.

Ladies and gentlemen, I've stayed awake on this case and one day I'll tell you why. Mr. Knatt I hereby sentence you to serve fifteen (15) years at hard labor with Department of Corrections. I give you credit for all time you have served since your arrest in this matter.

In this case, Defendant contends he cannot be described as the worst kind of offender because he has no prior felony or misdemeanor convictions. Defendant asserts that a lesser sentence would serve a meaningful purpose based on the facts of the case and his history with Honore.

We note that manslaughter is a very serious offense, and Defendant's egregious actions resulted in Honore's death. At the time of the killing, Defendant was a father of two children, and he had no prior criminal convictions. However, he had a pending charge of illegal carrying of weapons.

We now address sentences imposed in other manslaughter cases. In *State v. Lewis*, 09-1404 (La. 10/22/10), 48 So.3d 1073, a sixteen-year-old male watched a fight between friends, Bush and Crain, as a bystander. During the fight, he picked up a gun that had fallen out of Bush's pocket and fired a single shot into Crain's temple. The sixteen year old was convicted of manslaughter and sentenced to thirty years at hard labor. The supreme court affirmed the defendant's sentence.

In *State v. Batiste*, 06-875 (La.App. 4 Cir. 12/20/06), 947 So.2d 810, the defendant and the victim argued over a twenty-dollar bet on a domino game. During the argument, the defendant retrieved a gun from his truck and returned to the domino table. The defendant and the victim argued more, the two scuffled, and the

defendant shot the victim. The defendant was convicted of manslaughter, and the fourth circuit affirmed his twenty-year sentence.

In *State v. Hamilton*, 39,168 (La.App. 2 Cir. 10/27/04), 886 So.2d 638, the second circuit upheld a twelve-and-one-half-year sentence for manslaughter committed when the defendant shot the unarmed victim twice—once in the head and once in the chest—during a struggle.

In *State v. Johnson*, 94-1523 (La.App. 3 Cir. 5/3/95), 657 So.2d 178, *writ denied*, 95-1397 (La. 11/3/95), 662 So.2d 9, the defendant was standing on the street when the victim drove up and engaged him in conversation. The defendant stated the victim appeared angry, reached across his body, and appeared to be reaching for a weapon. At that point, the defendant reached into his jacket, removed a gun, and fired into the victim's truck. The defendant was convicted of manslaughter, and this court affirmed his twenty-year sentence.

Based on the facts in this case along with the above-referenced jurisprudence, we cannot say the trial court abused its discretion when imposing Defendant's fifteen-year sentence. Accordingly, Defendant's third assignment of error lacks merit.

## DISPOSITION

Defendant's conviction and sentence are affirmed.

**AFFIRMED.**