liAMY, Judge.
On November 19, 1993, Mat Johnson (defendant) and some other men were standing in the street in front of defendant’s house near the corner of North General Wainwright and General Patch Streets in Lake Charles. The defendant was armed with a concealed weapon. Robert Hudson, Jr. (victim), whom the defendant did not know, drove by in a pickup truck and stopped at the comer. The defendant approached the truck to converse with the victim. In the defendant’s statement reproduced in his presen-tence investigation report, he stated that the victim asked him and the other men if they knew Willie Green and if they had forty dollars. The defendant stated that the victim appeared angry and that he reached across his body and appeared to be reaching for a weapon. At that point, defendant reached into his right jacket pocket, removed a semiautomatic weapon and fired into the truck wounding the victim. The police found the victim dead from a bullet wound in his truck shortly after the incident.
On January 20, 1994, the defendant was indicted for second degree murder. _JjOn May 30, 1994, the defendant pled guilty to manslaughter. On September 21, 1994, the defendant was sentenced to twenty years at hard labor. The defendant filed a motion to reconsider his sentence which the trial court considered at a hearing on October 28, 1994. After the motion to reconsider was denied, the defendant timely perfected this appeal.
ASSIGNMENTS OF ERROR
On appeal, the defendant urges the following assignments of error:
(1) The trial judge failed to adequately articulate the reasons for sentence and the factual basis therefor.
(2) The sentence imposed was cmel, unusual, and excessive.
(3) The trial judge misapplied the sentencing guidelines in the following particulars:
(a) The court, it is submitted, improperly found the existence of or gave excessive weight to aggravating circumstances which it felt distinguished this case from the typical case of the offense of conviction, including the reduction of the charge upon plea and the fact that the weapon used by defendant was illegally carried, in applying the Louisiana Sentencing Guidelines or in determining sentence independently of the Guidelines.
(b) In sentencing defendant herein pursuant to the Louisiana Sentencing Guidelines or in determining the appropriate sentence independently from the Guidelines, the court failed to properly weigh certain mitigating circumstances which were urged by counsel for the defendant.
(c) The finding that the circumstances were not typical of manslaughter but rather were more descriptive of second degree murder is contradicted by direct and circumstantial evidence which was available to the court.
ANALYSIS
In State v. Smith, 93-0402, p. 3 (La. 7/5/94), 639 So.2d 237, 240, the Louisiana Supreme Court set forth the test for reviewing sentencing errors:
|3(1) [Wjhile a trial court must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentenc *180 ing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
Under Smith, we first determine whether the Sentencing Guidelines were considered by the trial court. The record from the sentencing hearing indicates that the trial court stated “[na]y first consideration here was to — as I’m required to do, to at least consider the sentencing guidelines.... [T]he sentencing guidelines suggest a minimum of five years to ninety months.” Therefore, the first requirement set forth in Smith has been satisfied.
Once we ascertain that the trial court considered the Guidelines, we then determine whether the trial judge adequately set forth the factual basis for the sentence and the considerations that he weighed in fashioning the sentence.
At the defendant’s sentencing hearing, the trial court listed a number of factors that he considered in fashioning defendant’s sentence: the lengthy presentence investigation report, letters, the seriousness of the offense, that the commission of the crime resulted in the victim’s death, the increase of the use of guns in society, that the defendant was eighteen, planning to attend college, and had his whole life before him when the offense was committed, that the defendant was carrying a concealed weapon which he used to commit the offense, the youth of the defendant, the defendant had no prior serious record, other sentences imposed in manslaughter cases, and that the | ¿manslaughter conviction was the result of a plea agreement and was not a typical manslaughter case.
By assignment of error, the defendant maintains that the trial judge failed to comply with these mandates of Smith. Specifically, he argues that factors relied on by the trial court are not supported by the record. After a review of the record, we disagree. Since the trial court stated the factual basis for the defendant’s sentence and the factors that he weighed in fashioning the sentence, which are supported by the record, we conclude that the trial judge complied with the requirements of Smith. The defendant’s assignment of error, that the trial judge failed to adequately articulate the reasons for sentence and the factual basis for the sentence, lacks merit.
Once satisfied that the trial court considered the Guidelines and articulated the reasons for sentence and the factual basis for the sentence, Smith dictates that this court consider whether the sentence imposed is constitutionally excessive. The Louisiana Supreme Court has determined that “a sentence is excessive and unconstitutional if the penalty is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering.” State v. Bonanno, 384 So.2d 355, 357 (La.1980). In evaluating whether a sentence is excessive, the Louisiana Supreme Court has instructed us to “consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime as to shock our sense of justice.” Bonanno, 384 So.2d at 358.
The defendant argues that his sentence is excessive because the trial court erred in concluding that this offense was more serious than a typical manslaughter, because his actions were motivated by subjective fear for his life based on words and actions of the victim, and because he was eighteen years old at the time of the offense | gwith no prior convictions.
In support of its conclusion that this case was not a typical manslaughter case, but was more akin to second degree murder, the trial court stated: “This situation involves a victim here, and an assailant who didn’t even know each other, and hadn’t even encoun *181 tered each other, except apparently within minutes before the shooting occurred. It almost has aspects of a certain arbitrariness to it, or randomness to it.... [I]t also looked like that Mr. Johnson had that pistol [in his pocket] and was just kind of anxious to do something with it since he had it. He never did say that he saw a gun in any of the information that I have- I am just unable to see ... anything that comes to the point of heat of passion.” We agree with the trial court’s assessment of the case before us and find defendant’s contention without merit.
In this case, defendant received a twenty year sentence, which is half of the maximum sentence under the statute. The trial court stated that this is a “serious [offense] because of the youth of this defendant and his lack of any serious prior record.... It is also serious because of the death involved.” Because of the youth of defendant and defendant’s lack of a serious record, the trial court did not impose the maximum sentence. As discussed above, the trial court considered the lengthy presentence investigation report, that the defendant was carrying a concealed weapon which he used to commit the offense, other sentences imposed in manslaughter cases which were reduced from second degree murder, and that the manslaughter conviction was the result of a plea agreement and was not a typical manslaughter case.
In the instant case, defendant’s crime was a violent and serious offense and his victim’s actions did not justify homicide. By pleading guilty to manslaughter, rather than going to trial on the second degree murder charge, the defendant escaped a | ¡¡potential sentence of mandatory life imprisonment. In light of these considerations, the sentence imposed on defendant was not grossly out of proportion to the severity of the crime, even though this is his first conviction.
The defendant further argues that the trial judge misapplied the sentencing guidelines. The defendant maintains that the trial judge clearly chose to follow the guidelines by determining the grid for his sentence and then enumerated factors which justified an upward departure. Furthermore, defendant maintains that there is no indication that the trial court chose to reject the Guidelines and that a misapplication of the Guidelines occurred because the trial court erroneously concluded that the offense was more akin to second degree murder rather than manslaughter.
We disagree that the trial court intended to apply the guidelines and manifested no intent to deviate from them. In fact, the trial court specifically stated: “This is not a typical case anyway I look at it.... [F]or that reason, I don’t intend to analyze this case in sentencing, by using the guidelines.” Accordingly, this assignment of error lacks merit.
ERRORS PATENT
Pursuant to Article 920 of the Code of Criminal Procedure, we have reviewed the record for errors patent and find none.
DECREE
For the reasons assigned, defendant’s sentence is affirmed.
AFFIRMED.