# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-697

**STATE OF LOUISIANA**

**VERSUS**

**JEREMY OSBORN**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C17627
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

**AFFIRMED.**

**Brent A. Hawkins**
**Louisiana Appellate Project**
**Post Office Box 3752**
**Lake Charles, Louisiana 70602-3752**
**(337) 502-5146**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    Jeremy Osborn

**Van Hardin Kyzar**
**District Attorney**
**Billy Joseph Harrington**
**Assistant District Attorney**
**10th Judicial District Court**
**Post Office Box 838**
**Natchitoches, Louisiana 71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**CONERY, Judge.**

Defendant, Jeremy Osborn, was charged in an indictment filed on March 28, 2011, with second degree murder, a violation of La.R.S. 14:30.1. Defendant entered a plea of not guilty on April 15, 2011. On June 6, 2012, the State amended the indictment to charge Defendant with manslaughter. Defendant then entered a plea of guilty.

A sentencing hearing was held on December 14, 2012. On January 30, 2013 the sentencing hearing was reconvened, and Defendant was sentenced to serve thirty years at hard labor. A motion to reconsider sentence was filed on February 13, 2013, and was denied on February 28, 2013, with written reasons.

A motion for appeal was filed on March 6, 2013, and was subsequently granted. Defendant is now before this court asserting two assignments of error. First, Defendant contends the trial court failed to adequately consider mitigating factors when imposing his sentence, and second, he claims his thirty year sentence is excessive. For the following reasons, we find these assignments of error lack merit and affirm the sentence.

## FACTS

Leon Norsworthy engaged in an altercation with Michael Shields and several others outside Antoon's Bar in Natchitoches, Louisiana, on March 10, 2011. The flight spilled over to a neighboring parking lot. The victim, Kasey Ragan, Norsworthy's girlfriend, was trying to break up the fight when she was fatally shot by defendant, Jeremy Osborn.

Defendant pled guilty to a charge of manslaughter. At the sentencing hearing, the trial court found that Defendant was not a participant in the dispute

between Norsworthy and Shields, but intentionally went to a nearby vehicle to retrieve a gun and fired it resulting in the death of the victim.

The trial judge carefully reviewed all the pertinent facts and circumstances in her reasons for sentencing and thoroughly reviewed the aggravating and mitigating factors before imposing a thirty-year hard labor sentence on the defendant.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there is one error patent.

Louisiana Code of Criminal Procedure Article 930.8 provides that a defendant has two years after the conviction and sentence become final to seek post-conviction relief. Louisiana Code of Criminal Procedure Article 930.8(C) provides in pertinent part, "[a]t the time of sentencing, the trial court shall inform defendant of the prescriptive period for post-conviction relief either verbally or in writing." In this case, the transcript of sentencing indicates that the trial court, referring to post-conviction relief, informed Defendant that "[y]ou can file a [sic] post-conviction relief within two years." The notice is insufficient, as it does not contain the language "after the conviction and sentence become final." *State v. Celestine*, 11-1403, p. 3 (La.App. 3 Cir. 5/30/12), 91 So.3d 573, 576.

Therefore, the trial court is ordered to instruct Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof in the record that it issued the notice to Defendant. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

2

## ASSIGNMENTS OF ERROR

In his first assignment of error, Defendant contends that his sentence is excessive because the trial court failed to adequately consider certain mitigating factors when imposing its sentence of thirty years at hard labor. In his second assignment of error, Defendant contends the trial court's sentence of thirty years at hard labor is excessive given the facts and circumstance of this case. The assignments of error will be considered together, as they both pertain to the sentence imposed.

The law is well settled concerning the standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted).

Manslaughter is punishable by a term of imprisonment up to forty years at hard labor. La.R.S. 14:31(B). Defendant's thirty year sentence was well within the sentencing range.

Even when a sentence falls within the statutory sentencing range, it still may be unconstitutionally excessive. In determining whether a sentence shocks the

sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, it is well settled that sentences must be individualized to the particular offender and to the particular offense committed. Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge remains in the best position to assess the aggravating and mitigating circumstances presented by each case.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted).

A sentencing hearing was held in this matter on December 14, 2012. At that hearing, the trial court heard the testimony of Detective Jeff Townson, victim impact evidence from Wayne Ragan and Tina Ragan, and the State introduced the statements of several witnesses to the events at issue. The trial court reviewed all of the evidence and testimony in detail, including listening to the taped statements of the witnesses. The trial court subsequently gave the parties time to file briefs in the matter and re-set the sentencing for January 30, 2013.

At final sentencing on January 30, 2013, the trial court exhaustively reviewed the facts of the case, thoroughly applied all the sentencing guidelines, and concluded:

> I don't think that, that Mr. Osborn went to Antoon's that night to shoot and kill Kasey Reagan. But when you pick up a gun, when you go get a gun, it shows the intent and the intent to use the gun. Considering the above, after evaluation of all of the facts that the Court deems relevant, the Court is ready to sentence the defendant. Would you please stand, sir? Let me say this also. Mr. Osborn is a young man; he's 27 years old today. . . . And the Court is required to consider all the facts, to consider all the kinds of crimes that we are, that are brought into our court before we make a decision what to do. And I understand that the Reagan family and all of their friends and

4

all of their close acquaintances have asked this Court to sentence Mr. Osborn to the maximum that he could be sentenced to. The maximum that he could be sentenced to is 40 years. . . . Mr. Osborne must serve at least 85% of the time to which I sentence him. And only then will he be eligible for consideration of parole. That doesn't mean he'll be paroled. So it's a very long time. I've considered all these things. I've considered the different kinds of crimes I've had to address and the behavior that I've had to address. I was very concerned Mr. Noel, because until today I've heard no remorse. I've only heard him cry and say what am I going to do I'm in trouble which is different than remorse. And I'm sorry that he can't today turn to this family and tell them he's sorry.

Defendant belatedly apologized to the victim's family. The court then pronounced the sentence of thirty years at hard labor.

Defendant contends his sentence is excessive because it remains unclear that he had the specific intent to inflict great bodily harm or kill anyone. Defendant contends, pursuant to La.Code Crim.P. art. 894.1(B)(24) & (29), that he acted under strong provocation and the circumstances resulting in Ragan's death are unlikely to "reoccur." Louisiana Code of Criminal Procedure Article 894.1(B)(24) provides that the trial court should consider whether a defendant acted under strong provocation, and, pursuant to subsection (B)(29), the trial court should consider whether a defendant's criminal conduct was the result of circumstances unlikely to recur.

Defendant argues that he was conducting himself in a lawful manner prior to arming himself. Additionally, it was not absurd for him to arm himself in light of the attack on Michael Shields, as he could have been next. Defendant further argues that Detective Townson's testimony that Ragan was shot in close to intermediate range could support his statement that he was in the process of swinging the gun to try and scare the participants and stop the fight when the gun

5

accidently discharged.[1]  Defendant contends that punishing the ultimate result of his conduct without adequately considering the different levels of provocation that occurred on the evening at issue resulted in a sentence that is excessive.  Defendant asserts that the trial court failed to adequately consider the fact that the events at issue evolved out of a series of events that are highly unlikely to "reoccur."  Additionally, having been through this scenario, Defendant argues that he is much more likely to be aware of the development of such a situation and not allow something like this to happen again.

Defendant further argues that the trial court failed to adequately consider the mitigating factors he presented and imposed an excessive sentence.  Defendant further asserts that, "given the circumstances, a highly intoxicated group involved in a melee, where a gun is produced and Ms. [Ragan] was killed, a sentence of thirty years and leaves him holding the bag for others who have culpability for the death of Ms. [Ragan]."  Defendant contends his sentence is excessive and argues that his sentence needs to be proportionate to his role and the context of the events.  Defendant argues that he responded to the circumstances presented that evening.

In support of his arguments, Defendant cites *State v. Brown*, 08-442 (La.App. 3 Cir. 11/12/08), 997 So.2d 875, *writ denied*, 09-232 (La. 10/30/09), 21 So.3d 279.  Therein, the defendant ordered his guests to leave his home.  As the victim was backing out of the home, the victim asked if he could retrieve his keys and phone from inside the home.  When the victim reached the front porch, defendant fired a shot.  As the victim began running, the defendant fired again.  The defendant was convicted of manslaughter, and this court affirmed his sentence

---

[1]Detective Townson testified at the sentencing hearing and indicated that the muzzle of the gun did not make contact with Ragan's body and was in intermediate to close range when she was shot.

of forty years. In this case, unlike *Brown*, Defendant claims that he did not intentionally fire a weapon at anyone.

Defendant also cites *State v. Batiste*, 06-875 (La.App. 4 Cir. 12/20/06), 947 So.2d 810. In *Batiste*, the defendant and the victim argued over a twenty dollar bet on a domino game. During the argument, the defendant retrieved a gun from his truck and returned to the domino table. The defendant and the victim argued more, the two scuffled, and defendant shot the victim. The defendant was convicted of manslaughter, and the fourth circuit affirmed his sentence of twenty years.

Defendant further cites *State v. Johnson*, 94-1523 (La.App. 3 Cir. 5/3/95), 657 So.2d 178, *writ denied*, 95-1397 (La. 11/3/95), 662 So.2d 9. Therein, the defendant was standing on the street when the victim drove up and engaged defendant in conversation. The defendant stated that the victim appeared angry, reached across his body, and appeared to be reaching for a weapon. At that point, the defendant reached into his jacket, removed a gun, and fired into the victim's truck. The defendant was convicted of manslaughter, and this court affirmed his sentence of twenty years.

Defendant asserts his conduct pales in comparison to that of the defendants in *Brown*, 997 So.2d 875, *Batiste*, 947 So.2d 810, and *Johnson*, 675 So.2d 178.

A comparison of this case with other cases addressing the excessiveness of a sentence imposed for manslaughter, however, supports affirmation of the sentence imposed. In *State v. McGhee*, 10-583 (La.App. 3 Cir. 12/8/10), 52 So.3d 318, *writ denied*, 11-62 (La. 5/20/11), 63 So.3d 973, the defendant was convicted of manslaughter and sentenced to forty years at hard labor. During an altercation at a bar, the defendant shot and killed a bystander. The defendant was twenty-six years old at the time of the offense and had prior convictions for possession of cocaine

7

and domestic abuse battery. On appeal, this court found that the sentence was not excessive.

In *State v. Lewis*, 09-1404 (La. 10/22/10), 48 So.3d 1073, a sixteen-year-old male watched a fight between friends, Bush and Crain, as a bystander. During the fight, he picked up a gun that had fallen out of Bush's pocket and fired a single shot into Crain's temple. The sixteen-year-old was convicted of manslaughter and sentenced to thirty years at hard labor. The supreme court affirmed defendant's sentence.

In *State v. Weatherspoon*, 06-539 (La.App. 5 Cir. 12/12/06), 948 So.2d 215, *writ denied*, 07-462 (La. 10/12/07), 965 So.2d 398, the sixteen-year-old defendant was a passenger in a vehicle that was struck by a bottle. Witnesses testified that the defendant exited the vehicle and fired several shots into a crowd. A fourteen-year-old boy was struck by a bullet and died as a result of his injuries. The defendant was subsequently convicted of manslaughter and sentenced to thirty-five years at hard labor. The fifth circuit affirmed the defendant's sentence, noting that he had a criminal history consisting of a juvenile adjudication for aggravated assault.

In the instant case, the trial court provided detailed reasons for the sentence imposed. The trial court thoroughly discussed the nature of the offense, Defendant's background, Defendant's criminal history, and several of the factors set forth in La.Code Crim.P. art. 894.1, including provocation and the likelihood that Defendant's actions would recur. Louisiana Code of Criminal Procedure Article 894.1 does not require that the trial court assign any particular weight to any specific matters at sentencing. This court cannot say the trial court failed to

adequately consider the issue of provocation and the likelihood that Defendant's actions would "reoccur."

Based on the circumstances of the offense, Defendant's criminal history, and the jurisprudence, we find that the trial court did not abuse its considerable discretion when it imposed a thirty year hard labor sentence. Accordingly, these assignments of error lack merit.

## DISPOSITION

Defendant's sentence is affirmed. The trial court is ordered to instruct Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof in the record that it issued the notice to Defendant.

**AFFIRMED.**