NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-934

STATE OF LOUISIANA

VERSUS

JEREMY JAMES ARTHORLEE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 152,196
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

AFFIRMED.

**Keith A. Stutes**
**District Attorney**
**Michele S. Billeaud**
**Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, Louisiana  70502-3306**
**(337) 232-5170**
**Counsel for Appellee:**
    **State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana  70602-1641**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
    **Jeremy James Arthorlee**

**KEATY, Judge.**

Defendant, Jeremy James Arthorlee, appeals his sentence for manslaughter. For the following reasons, Defendant's sentence is affirmed.

## FACTS & PROCEDURAL BACKGROUND

On May 27, 2015, Defendant, Jeremy James Arthorlee, fatally shot Brandon Lyons in the back and the leg. On March 2, 2017, Defendant was charged by an amended bill of indictment with second degree murder, a violation of La.R.S. 14:30.1.[1] Defendant thereafter entered a plea of guilty to the amended charge of manslaughter, a violation of La.R.S. 14:31. The plea agreement was open-ended. In exchange for Defendant's guilty plea, the State agreed to the ordering of a presentence investigation report (PSI), to not prosecute Defendant with a charge of felon in possession of a firearm, to not prosecute Defendant for any other crimes arising out of the indictment, and to not file a habitual offender bill. After the State provided a factual basis for the plea, Defendant stated that he agreed with the facts. The trial court found that Defendant's plea was knowingly, intelligently, and voluntarily entered and that a factual basis existed for the plea. The trial court accepted Defendant's guilty plea. On June 1, 2018, Defendant was sentenced to thirty years of imprisonment at hard labor with credit for time. Defendant filed a motion to reconsider sentence which the trial court denied. Defendant appealed.

On appeal and in his sole assignment of error, Defendant contends that the trial court erred in imposing an excessive sentence.

---

[1] Previously, on August 28, 2015, Defendant entered a plea of not guilty to second degree murder as charged by the original bill of indictment, which was filed on August 26, 2015.

## DISCUSSION

### I. Errors Patent

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

### II. Assignment of Error

Defendant asserts one assignment of error on appeal. We have reviewed his assignment of error and arguments separately, as follows: the trial court failed to properly consider the mitigating factors under La.Code Crim.P. art. 894.1 and the sentence is unconstitutionally excessive under La.Const. art. I, § 20. Initially, however, we must determine whether Defendant's issues on appeal are properly before this court.

Pursuant to La.Code Crim.P. art. 881.1(E), the failure to make or timely file a motion to reconsider sentence or to include a specific ground for reconsideration precludes a defendant from raising an objection to the sentence or urging any ground not raised in the motion on appeal. *State v. Barling*, 00-1241, 00-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331. In Defendant's motion to reconsider sentence, he raised the issue of the trial court's failure to consider the mitigating factors present in the case as well as the issue of constitutional excessiveness. As such, we find that the assignment of error and the arguments in Defendant's brief are properly before this court for review.

On review, we note that the defense requested a prison term of between five and ten years, and the State requested the maximum sentence for manslaughter of forty years. In sentencing Defendant to thirty years of imprisonment at hard labor with credit for time served, the trial court stated that:

THE COURT: Mr. Arthorlee, it's time to impose sentence at this time. So looking at the mitigating circumstances, you state that you are remorseful. In aggravation, you did get the benefit of a plea bargain. You shot and killed Brandon Lyons in the back. You shot him twice; once in the back of the leg and once in the back of the torso, and killed him. It was your second felony conviction.

I will read to you, and for the record, the stipulated factual basis that was cited by your counsel at the time of your plea. (Reading): "If we were to proceed to trial, the State would prove that on or about May 25th, 2015, Mr. Jeremy Arthorlee did kill Mr. Brandon Lyons by knowingly and intentionally discharging a firearm in the direction of Mr. Lyons knowing that Mr. Lyons was there and could be struck by those shots. That Mr. Lyons was, in fact, struck twice in the back and died at the scene as a result of those injuries. That occurred in Lafayette Parish.

And I'm going to make the copy that I got from the email a part of the record in this case. And the Court feels that looking at all the aggravating and mitigating circumstances that an appropriate sentence under this -- for you under this case would be, and will be, I sentence you to 30 years at hard labor. You'll be given credit for any time that you've served on this charge. You have two years within which time this sentence becomes -- from the time this sentence becomes final within which to file for post-conviction relief.

### A. Compliance with La.Code Crim.P. art. 894.1

On appeal, Defendant acknowledges that the trial court noted Defendant expressed remorse. However, he contends the trial court failed to properly consider other mitigating factors under La.Code Crim.P. art. 894.1. According to Defendant, those mitigating factors include the fact that he has dependents, his childhood, his work history, and the fact that he was in trouble with the law only once before and successfully completed probation.

We note that the articulation of the factual basis for a sentence is the goal of La.Code Crim.P. art. 894.1, not rigid or mechanical compliance with its provisions. *State v. Shelton*, 50,318 (La.App. 2 Cir. 2/24/16), 188 So.3d 304. Under La.Code Crim.P. art. 894.1, the trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered

3

the guidelines of the article. *State v. Smith*, 433 So.2d 688 (La.1983). Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.Code Crim.P. art. 894.1. *State v. Lanclos*, 419 So.2d 475 (La.1982).

The record clearly shows that the trial court was made aware of potentially mitigating factors concerning Defendant. While the trial court did not indicate that it considered the PSI, a PSI was ordered and made available, and it included the results of a psychological evaluation detailing his nervous behavior stemming from events surrounding his upbringing. Defendant's counsel submitted a detailed sentencing memorandum that was made a part of the record, delineating his nervousness, the results of the aforementioned psychological evaluation, the fact that Defendant watched his brother get shot and killed while standing right in front of him as a teenager, how his father was not involved in his upbringing, and how his mother was a drug addict and engaged in prostitution.

The trial court conducted a lengthy sentencing hearing where it accepted multiple exhibits into evidence and heard testimony from a detective who worked the case, the family of the victim, and the family of Defendant. Information about Defendant's dependents, his childhood, his work history, and the fact that he was in trouble with the law only once before and successfully completed probation is contained in the record. Defendant also agreed to the facts as stipulated by the State when he entered a guilty plea to manslaughter. Finally, the trial court stated that it had considered all of the aggravating and mitigating circumstances.

We further note that the trial court did not discuss the factors of La.Code Crim.P. art. 894.1(B), but the defense outlined those considerations in the sentencing memorandum which was made a part of the record. Regardless of the trial court's

4

failure to note the factors in La.Code Crim.P. art 894.1(B), Defendant entered into an open-ended plea agreement for a reduced charge. In that regard, the trial court has great discretion in imposing even the maximum sentence possible for the offense for which a defendant has entered a plea. *State v. Edwards*, 07-1058 (La.App. 3 Cir. 3/12/08), 979 So.2d 623, *writ denied*, 08-2693 (La. 9/18/09), 17 So.3d 391. After our review of the record, we do not find that the trial court failed to take adequate notice of the sentencing guidelines when it fashioned this thirty-year sentence for this Defendant.

### B.    Excessive Sentence

Defendant argues that his sentence is excessive in violation of La.Const. art. I, § 20. Regarding appellate review of an excessive sentence claim, this court has stated that:

> Both the United States and Louisiana constitutions guarantee that no person shall be subject to cruel and unusual punishment. U.S. Const. amend. VIII; La. Const. art. I, § 20. A sentence is excessive when a reviewing court finds that the penalty is "so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering." *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331. The trial court has broad sentencing discretion, and a sentence within statutory limits will not be set aside absent a manifest abuse of that discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-165 (La.6/30/00), 765 So.2d 1067. However, sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979).
>
> In reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La.6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061, a panel of this court observed that:

5

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Soileau*, 13-772, pp. 3-4 (La.App. 3 Cir. 2/12/14), 153 So.3d 1008, 1011, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Moreover, as previously discussed, where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the offense for which a defendant has entered a plea. *Edwards*, 979 So.2d 623. Finally, the only relevant question to consider on review is not whether another sentence would be more appropriate but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996). When reviewing a trial court's sentencing discretion, we must consider the following three factors enunciated in *State v. Lisotta*, 98-648, p. 4 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, 58, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183: "1. the nature of the crime[;] 2. the nature and background of the offender[;] and 3. the sentence imposed for similar crimes by the same court and other courts."

With respect to the first *Lisotta* factor, i.e., the nature of the crime, the penalty for second degree murder for which Defendant was charged is "life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence." La.R.S. 14:30.1(B). Louisiana Revised Statutes 14:31(B) provides, in pertinent part, that,

"[w]hoever commits manslaughter shall be imprisoned at hard labor for not more than forty years."[2] Defendant was sentenced to thirty years of imprisonment with credit for time served, which is ten years less than the maximum penalty for the crime to which he pleaded guilty and considerably less than a sentence to a lifetime of imprisonment without benefit of probation, parole, or suspension of sentence, had Defendant been found guilty of the offense of second degree murder with which he was originally charged.

With respect to the second *Lisotta* factor, i.e., the nature of the offender, the record indicates that Defendant was born in 1975, had a rough upbringing, worked as a supervisor, and supported five children even though he was not the biological father of some of them. He was arrested in 2000 for possession of marijuana and possession of a firearm in the presence of drugs, and he successfully completed probation. He worked in the oilfield and became a supervisor after fifteen years. He stated that he was scared for his life at the time that he fired what he characterized as warning shots, and he also recognized that he had other options besides firing a weapon that night. The victim died as a result of the shooting.

The evidence suggests that Defendant did not know that he had killed anyone and that his demeanor changed to solace when he was notified. He initially lied about the guns that he had in his vehicle at the time of the shooting, but, otherwise, the stories that he told to police about the incident were consistent. He was initially charged with second degree murder but entered into a plea agreement for the lesser offense of manslaughter and received a significant benefit from the plea bargain. He showed remorse for his offense. He stated that he knew that he should be punished for his offense because his decision cost the victim his life. All of the above evidence

---

[2] In 1992, the Legislature increased the penalty cap from twenty-one years to forty years. 1992 La. Acts No. 306, § 1.

was present in the record, and the trial court stated that it considered all of the aggravating and mitigating factors after a lengthy sentencing hearing. As such, we find that the record clearly indicates that the trial court was made aware of potentially mitigating factors concerning Defendant. *See State v. Mayfield*, 18-420 (La.App. 3 Cir. 12/6/18), 261 So.3d 101.

With respect to the third *Lisotta* factor, a review of comparative cases reveals that similar sentences have been imposed for similar cases and offenders. In *State v. Osborn*, 13-697 (La.App. 3 Cir. 12/11/13), 127 So.3d 1087, this court affirmed a sentence of thirty years at hard labor when the defendant pled guilty to manslaughter. The defendant was engaged with several others in an altercation after leaving a bar when his girlfriend, who was trying to break up the dispute, was shot. *Id.* The defendant intentionally retrieved a gun and fired it, resulting in the victim's death. *Id.* The trial court considered the defendant's age, his criminal history, the assertions that his actions were unlikely to recur, the provocation in the situation, and the defendant's belated apology to the family. *Id.* On appeal and after a comparison to other cases, this court affirmed the sentence. *Id.*

In *Edwards*, 979 So.2d 623, the defendant was sentenced to thirty years of imprisonment after pleading guilty to manslaughter. The defendant argued that he had been fearful of the victim because the victim routinely carried a gun and routinely threatened him. *Id.* On appeal, this court noted that, according to the factual basis for the plea, on the night the victim was shot, the confrontation was not between the defendant and the victim, but between another person and the victim. *Id.* This court affirmed the sentence. *Id.*

Finally, in *State v. Yelverton*, 12-745 (La.App. 5 Cir. 2/21/13), 156 So.3d 53, *writ denied*, 13-629 (La. 10/11/13), 123 So.3d 1217, the defendant, who also pled

guilty to one count of obstruction of justice, shot the victim at close range in the backseat of a car occupied by the victim and a witness. The defendant asserted that the victim had challenged him to a fight and that he thought the victim was reaching for a gun. *Id*. Following the shooting, the defendant left the victim on the side of the street to die and proceeded to discard belongings left in the vehicle, including the weapon, the witness's identification, and other evidence of the crime. *Id*. The defendant also attempted to clean the vehicle in which the victim was shot to remove the blood and any other evidence. *Id*. The defendant was charged with second degree murder but was convicted of manslaughter. *Id*. The trial court subsequently imposed the maximum sentence of forty years for the defendant's manslaughter conviction. *Id*. Noting that this was the defendant's first felony offense and that the defendant had cooperated with the police, the fifth circuit nonetheless concluded that the defendant's maximum sentence for manslaughter was not excessive. *Id.*

We find that Defendant's sentence is in line with the foregoing comparable sentences. The record on review indicates that the trial court was aware of all sentencing factors present and supports the sentence imposed. *See Lanclos*, 419 So.2d 475. We note that Defendant's actions resulted in the death of another human being and that Defendant benefited significantly from the plea agreement. We, therefore, hold that Defendant's sentence is not unconstitutionally excessive and that the trial court did not abuse its discretion in this regard. Accordingly, Defendant's assignment of error and issues on review are without merit.

## DISPOSITION

Defendant's sentence is affirmed.

**AFFIRMED**.

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.